**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.                                                                    No. 96-4221

OMAR ABDULLA ALI,
Defendant-Appellant.

Appeal from the United States District Court
for the Middle District of North Carolina, at Greensboro.
Frank W. Bullock, Jr., Chief District Judge.
(CR-95-206)

Submitted: February 28, 1997

Decided: April 10, 1997

Before WILLIAMS and MICHAEL, Circuit Judges, and
BUTZNER, Senior Circuit Judge.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

A. Wayne Harrison, H. Davis North, III, HARRISON, NORTH,
COOKE & LANDRETH, Greensboro, North Carolina, for Appellant.
Walter C. Holton, Jr., United States Attorney, Lisa B. Boggs, Assis-
tant United States Attorney, Sandra J. Hairston, Assistant United
States Attorney, Greensboro, North Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

_____

**OPINION**

PER CURIAM:

Omar Ali appeals conviction for possession of crack cocaine with intent to distribute. <u>See</u> 21 U.S.C.A. §§ 841(a)(1) & (b)(1)(A) (West 1981 & Supp. 1996). He claims that the trial court erred in its finding that the search which led to the discovery of the cocaine fell within the good-faith exception to the exclusionary rule and therefore improperly admitted evidence resulting from that search. He also contends that the trial court erred in denying his motion for acquittal under Federal Rule of Criminal Procedure 29 because there was insufficient evidence to support his conviction for constructive possession of crack cocaine with intent to distribute.

Ali also appeals his sentence. He contends that the trial court erred in increasing his offense level by two for possession of a dangerous weapon during a drug offense, <u>see</u> U.S. Sentencing Guidelines Manual § 2D1.1 (1995). He argues that he did not possess the gun and that no evidence was presented suggesting that he knew of the gun or should have reasonably foreseen its presence.

First, we already have determined in a prior opinion relating to one of Ali's co-defendants that the search at issue was conducted in good-faith and therefore evidence resulting from it was admissible under <u>United States v. Leon</u>, 468 U.S. 897, 923 (1984). <u>See United States v. David</u>, No. 96-4204 (4th Cir. Feb. 10, 1997) (unpublished). Ali advances no new arguments regarding this claim and, accordingly, we come to the same conclusion as before.

Second, we review the district court's denial of Ali's motion for acquittal under a sufficiency of evidence standard. <u>See</u> Fed. R. Crim. P. 29; <u>United States v. Brooks</u>, 957 F.2d 1138, 1147 (4th Cir. 1992). To sustain a conviction, substantial evidence -- when viewed in the light most favorable to the government -- must support the convic-

2

tion beyond a reasonable doubt. See United States v. Burgos, 94 F.3d 849, 860 (4th Cir. 1996) (en banc); Glasser v. United States, 315 U.S. 60, 80 (1942). Constructive possession may be established by circumstantial or direct evidence and exists when the Government establishes the defendant's ownership, dominion, or control over the drug (or the area in which the drug was concealed), and knowledge of its presence. See United States v. Bell, 954 F.2d 232, 235 (4th Cir. 1992). In light of these standards, we conclude that there was sufficient evidence for a reasonable jury to find beyond a reasonable doubt that Ali constructively possessed crack cocaine with the intent to distribute. Accordingly, we affirm the district court's denial of Ali's Rule 29 motion.

Finally, neither the absence of actual possession nor the lack of a conspiracy conviction prohibits the application of a two-point enhancement for possession of a gun during a drug trafficking crime. Rather, the decision to apply such an enhancement is controlled by whether it is clearly improbable that the weapon at issue was connected to the offense and whether a co-defendant's possession of the weapon falls within the Sentencing Guidelines's definition of relevant conduct. See U.S.S.G. § 1B1.3; United States v. White, 875 F.2d 427, 433 (4th Cir. 1989). We conclude that the district court did not err in assessing the two-point enhancement.

Accordingly, we affirm Ali's conviction and sentence. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

3